UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHNNIE L. HENDERSON,
    Plaintiff,

vs.                                                                       07-1279

REV. ELDON KENNELL,
    Defendant.

## ORDER

    This cause is before the court for consideration of the plaintiff's motion to compel discovery. [d/e 14]    The plaintiff, Johnnie Henderson, brought this action pursuant to 42 U.S.C.§1983 against Defendant Reverend Eldon Kennell claiming his constitutional rights were violated at the Pontiac Correctional Center.  Specifically, the plaintiff alleges that the defendant violated his First Amendment right to the free exercise of his religion and his Fourteenth Amendment equal protection rights when he repeatedly refused to allow the plaintiff to change his religious designation to Islam.

    The plaintiff has now filed a motion to compel discovery stating that the defendant has failed to appropriately respond to his first and second set of interrogatories and his request to produce documents.

### FIRST SET OF INTERROGATORIES

    The plaintiff says the defendant did not provide an adequate response to Interrogatories # 2-8 and 10-14.   The plaintiff has attached a copy of his interrogatories and the defendant's response.  Unfortunately, the plaintiff does not state why the answers are insufficient or what additional information is either needed or available.   Therefore, the defendant states that his objections "should remain valid and the Plaintiff's motion to compel should be denied.' (Plain. Resp., p. 2).    The plaintiff is proceeding pro se.  Consequently, the court will review the interrogatories and the responses.

    Interrogatory #2 asks the defendants if he has ever written anything down "about this incident?" (Plain. Mot, Ex. 3).  The defendant properly objects that the plaintiff has not specified which incident he is talking about.  The plaintiff's complaint alleges that he attempted to change his religious designation various times.  The defendant also properly states that without waiving this objection, he has written various documents in regards to the plaintiff's religious designation requests.  The court finds this is an appropriate response to the interrogatory.   The plaintiff should have simply requested these documents.   The court will address this issue in the plaintiff's motion to produce.

Interrogatory #3 asks Defendant Rev. Kennell if he has ever been disciplined on the job and if so, why? (Plain. Mot, Ex. 3). The defendant appropriately objects that the information is irrelevant to the plaintiff's claims against him. The plaintiff has not demonstrated how any discipline for an unrelated incident is relevant to his claims.

Interrogatory #4 asks if the defendant knows of "anyone who may have knowledge of this incident?" The defendant objects that the interrogatory is over broad and does not specify what incident the plaintiff is referencing. The court agrees. In addition, the plaintiff could more readily learn who had knowledge by acquiring any written documents or reports.

Interrogatory #5 through 7 ask for the defendants opinions to questions such as: do you think Muslims are radical, do you dislike Muslims and what is your opinion of Muslims? The defendant has objected that the questions are irrelevant. The court will not require a further response form the defendant. The court appreciates that the plaintiff is trying to establish that the defendant's decisions were motivated by a bias against Muslims. However, the interrogatories are not likely to lead to the discovery of any relevant evidence.

Interrogatory #8 states "[t]he Department cannot make a rule of policies that would abridge or neglect a constitutional guarantee, especially, when that right does not interfere with the safety and security of the facility? Do you agree with this?" The defendant has objected that the interrogatory calls for a legal conclusion, and the defendant lacks sufficient knowledge to respond. The court again will not require any further input from the defendant. This question is better used as an argument in a motion or at trial, not the basis of an interrogatory.

Interrogatory #10 also states a legal principal and asks if the defendant agrees. The court will not require further response.

Interrogatory #11 asks if anyone has filed a lawsuit against you for a religious violation in the past and if so, what was the outcome? The defendant objects that the interrogatory is irrelevant to the plaintiff's claims. The court agrees. The plaintiff has not filed a class action, nor has he alleged an official capacity claim. His claim concerns only the actions the defendant took against the plaintiff.

Interrogatory #12 asks the defendant if he thinks Christianity and Islam are one in the same? The defendant objects that the interrogatory is irrelevant. Unfortunately, the plaintiff did not further explain this interrogatory. The court will not require further response.

Interrogatory #13 asks the defendant if he has a degree in Theology and if so, where did he obtain his credentials. The defendant objects that the answer is irrelevant. The court disagrees. The defendant must provide the plaintiff with a brief explanation of his credentials.

Interrogatory #14 asks the defendant if he would allow a known Muslim to address the congregation at church and recite scriptures from the Holy Qur-an. The defendant appropriately objects that the interrogatory is irrelevant. The plaintiff's lawsuit concerns only his attempt to

change his religious designation.

## SECOND SET OF INTERROGATORIES

The plaintiff says he submitted a second set of interrogatories to the defendant, but the defendant refused to respond because his original 15 questions plus the additional 16 questions in his second set of interrogatories exceed the maximum of 25 interrogatories allowed. *See* Fed. R. Civ. P. 33(a).

The court agrees and will not require a response to the second set of interrogatories. However, the court will allow the plaintiff to submit a third set of interrogatories to the defendant not to exceed 10 questions. The plaintiff is reminded that his questions should not ask for the plaintiff's opinions about religion or legal theories, but should ask questions specific to the facts of his case. For instance, the plaintiff should provide the general time frame of a specific request and ask why the defendant refused to make a change in his religious designation? Did he consult anyone else in making this decision?

## REQUEST FOR PRODUCTION OF DOCUMENTS.

The plaintiff's request for production of documents asks for two things: 1) all rules, regulations, procedures and policies of the department; and 2) Title 20 of the administrative code. The defendants have appropriately objected that the requests are over broad. The plaintiff has not limited his request to documents relevant to his case and Title 20 is available to him.

The court will order the defendant to provide the plaintiff with a copy of any documents generated in response to the plaintiff's requests to change his religious designation as outlined in his complaint. The defendant should also provide a copy or direct the plaintiff to any written rules or procedures concerning what an inmate needs to do in order to change his religious designation within the Department of Corrections.

## CONCLUSION

The court will grant in part and deny in part the pro se plaintiff's motion to compel discovery. The defendant must provide an answer to the plaintiff's Interrogatory #13. In addition, the defendant must provide any documents generated in response to the plaintiff's requests to change his religious designation as outlined in his complaint. The defendants must also provide a copy or direct the plaintiff to any rules or procedures regarding changing religious designation. The response and documents must be provided to the plaintiff on or before July 30, 2008.

In addition, the court will extend discovery to allow the plaintiff to submit ten additional interrogatories to the defendant. The plaintiff must submit his ten additional questions to the defendant on or before July 30, 2008. If the plaintiff fails to meet this deadline, he will not be allowed any further extensions of time. Discovery is extended only to allow the additional

interrogatories.  No further discovery is allowed.

**IT IS THEREFORE ORDERED:**

**1) The plaintiff's motion to compel discovery is granted in part and denied in part. [d/e 14].**

**2) The court will abide by the following scheduling deadlines:**
- **a) the defendant must provide the additional response to Interrogatory #13 and the additional documentation as outlined above to the plaintiff on or before July 30, 2008;**
- **b) the plaintiff may submit ten additional interrogatories to the defendant on or before July 30, 2008;**
- **c) the defendant must provide a response to the additional interrogatories on or before August 14, 2008; and,**
- **d) any dispositive motions must be filed on or before September 5, 2008. No further continuances in discovery will be allowed.**

Entered this 30th  Day of June, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE